United States District Court
Southern District of Texas
**ENTERED**
August 17, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE MENDOZA, JR., | § | |
| | § | |
| *Petitioner*, | § | CIVIL ACTION NO. H-20-3083 |
| v. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2003 state murder conviction.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(l) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

      recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Petitioner states, and public online state court records show, that petitioner was convicted of murder and sentenced on July 23, 2003. The conviction was affirmed on appeal on November 4, 2004, and petitioner did not seek discretionary review. Consequently, petitioner's conviction became final on December 4, 2004, and the one-year AEDPA limitation expired on December 5, 2005. Petitioner's instant federal habeas petition was filed no earlier than September 2, 2020, nearly fifteen years after expiration of the AEDPA limitation.

Because the petition showed on its face that it was untimely and barred by limitations, the Court ordered petitioner to show cause by written response why his claims should not be dismissed as untimely. In his response, petitioner states that he filed state habeas proceedings commencing in 2009 which were subsequently dismissed for various reasons. As noted earlier, these proceedings were filed after federal limitations expired and had no statutory or equitable tolling application.

Petitioner has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does he show a newly recognized constitutional right upon which his petition is based under 28 U.S.C. § 2244(d)(1)(C) or grounds for application of section 2244(d)(1)(D). He establishes no entitlement to equitable tolling. Accordingly, there is no statutory or other basis to save petitioner's untimely federal petition, and it must be dismissed.

This lawsuit is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on August  17,  2021.

_____
Gray H. Miller
Senior United States District Judge